## MARSHALL A. DENNING *et al.*

### *v.*

## CALVIN M. CLARK.

1. PARTITION—*order of sale—when may be made.* In a suit for partition it is an essential requirement of the statute, that, preceding the order of sale, the court shall declare the interests of the parties, order a partition of the premises, and appoint commissioners to make the division.

2. Such preliminary orders, to the order of sale, can not be made after the sale has taken place, so as to support it.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. A. D. DUFF, Judge, presiding.

Mr. EDWARD V. PIERCE and Mr. THOMAS J. LAYMAN, for the plaintiffs in error.

Messrs. YOUNGBLOOD & BARR, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The order of sale, and the sale itself, of the premises involved in this suit for partition, were unauthorized, as having been made before there was any order, either of partition or ascertaining and declaring the rights and interests of the parties, or of the appointment of commissioners to make partition.

The order of sale was made at the August term, 1865, directing the sale to be made on the last Saturday of the following October, at which time it was made. The only proceedings had before the court, previously, were the appointment of a guardian *ad litem* for the minor heirs, a rule upon him to answer, the filing and approving his answer, a reference to a special master to take proofs and report, and a report purporting to be of commissioners, that the lands were not susceptible of division, whereupon followed the order of sale. It is conceded, on the part of counsel for the defendant in error, that this order was defective, but it is claimed to have been cured by what took place at the following March term of the court.

At that term, the petitioner moved the court, that a proper decree in the case be made up in accordance with the prayer of the bill and the minutes of the last term, whereupon it was ordered by the court, that the clerk enter up a decree in the case, making the same conform to the petition in the cause, and the minutes of the last term in the same, and that the same be written up now for then; and a regular decree was then entered as of the preceding August term, declaring the interests of the parties, ordering partition, and appointing commissioners to make it. But this does not appear to have

been an amendment of any decree of the August term, in these respects, but a decree for the first time, in respect to those matters.

All of the minutes made by the judge, in his docket, purport to be copied into the record, and they supply nothing which was wanting in the record of the orders of the court previous to said March term. Such record was correctly made up from the minutes, and embraced fully every matter to which they pertain. Neither the record nor minutes previous to said March term furnish any indication of any action whatever, of the court, upon the subject of the above mentioned matters previous to the sale. But these were essential requirements of the statute before any order of sale could be made, to-wit: finding the interests of the parties, that partition should be made, and the appointment of commissioners to make division. *McLain et al.* v. *Van Winkle et al.* 46 Ill. 407.

On the same day of the March term that said decree was made, the special master made report of the sale, which he had made in October preceding, and it was approved by the court.

Such a practice is not to be tolerated. Essential preliminary orders to the order of sale, must precede the sale, and will not be allowed to be made after it has taken place, so as to uphold it.

In *Sullivan* v. *Sullivan*, 42 Ill. 316, a decree for the sale of the premises in a case of partition was reversed, because the oath of the commissioners, and their report, bore date three days previous to the decree by which they were appointed, although their report was approved by the court. It was there said, a court should not approve and adopt such acts; that the statute required the appointment of the commissioners before they could act, and that its commands must be obeyed.

The orders for the sale of the lands, and confirming their sale, were erroneous.

Numerous other errors are assigned, which we will not review in detail, as an opportunity will be afforded to obviate them in the course of the further proceedings in the cause.

Leave will be given to amend the petition, so as to set out the title of the petitioner, and verify it by affidavit as required by the statute.

The orders for the sale of the lands, and confirming the sale, are reversed, and the cause is remanded.

*Judgment reversed.*